BULL INSULAR LINE, INC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, J. M. ALMODÓVAR, JUDGE, Respondent; FRANCISCO CALDERÓN ET AL., Interveners.

No. 2743.  Decided October 2, 1962.

---

*Hartzell, Fernández & Novas* and *Vicente M. Ydrach* for petitioner. *Vicente Géigel Polanco* and *Vicente Géigel Lanuza* for interveners.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

150

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

In deciding certain questions of law raised by the parties in an action of claim of wages filed against the Bull Insular Line, Inc., the Superior Court concludes, among other facts, that the complainants, interveners herein, rendered services to the Bull Insular Line, Inc., as stevedores in loading sugar on board of ships consigned or belonging to said shipping company in the period between July 1947 and the end of November 1956; that these services were rendered pursuant to bargaining collective agreements during the course of employment and that all the claimants, except seven, had worked on the basis of piecework. The court also concluded that the industry of the defendant is covered by the Federal Fair Labor Standards Act of 1938.

There is no dispute as to the fact that the claimants worked in excess of the 8 daily hours during the course of the employment to which the complaint refers, and that said extra hours were paid by the defendant at the rate of time and one half.

█ The Superior Court held, however, the following:

That the workmen employed by an employer of an industry in Puerto Rico covered by the provisions of the Fair Labor Standards Act, approved by the Congress of the United States of America on June 25, 1938, and who work by the job, unit of work or by piecework, are entitled to receive double compensation for the pieces or units worked during the extra hours.

We issued the writ of certiorari to review this decision.

We feel bound to construe again Act No. 379 of May 15, 1948,[1] particularly the scope and effect of the *Provided* clause of its § 5 concerning the provisions of § 9, for the juridical question raised in this petition, as the parties admit, is limited to determining whether the extra hours worked

---

[1] 29 L.P.R.A. §§ 271 to 288.

by the complainants, interveners herein, from 1947 to 1956, on the basis of piecework or unit of work should be paid at double rate, as provided by § 9 of Act No. 379 or at time and one half, under the terms of the *Provided* clause of § 5 of said Act.

From the Declaration of Policy contained in § 1 of Act No. 379 it is noted that its main object is to limit the legal working day in Puerto Rico and to provide payment of double time for the hours worked in excess of the legal working day. Section 2 establishes the hours which constitute the legal working hours per day, week, and month. Section 3 defines the regular hours or work which are eight hours during any period of 24 consecutive hours, forty-eight hours during any week, and two hundred and eight hours during any month. Section 4 defines the extra hours. Such extra hours are those that the employee works for his employer in excess of the workday; those that he works during the day or hours when the establishment in which he renders services should remain closed to the public by provision of law, save in the cases stated therein; those that he works during the day of rest fixed by law when the establishment is not subject to the closing thereof; the hours he works in excess of such maximum working hours as the Minimum Wage Board may have fixed by Mandatory Decree or by collective agreement. Section 5 establishes extra pay for extra hours. It provides:

"§ 274.—Extra wages for extra hours

"Every employer who employs or permits an employee to work during extra hours shall be obliged to pay him for each extra hour a wage rate equal to double the rate agreed upon for regular hours; *Provided, however, That every employer in any industry in Puerto Rico covered by the provisions of the Fair Labor Standards Act enacted by the Congress of the United States of America on June 25, 1938, as heretofore or hereafter amended, shall be under obligation to pay only for each hour of work in excess of the legal eight-hour working*

*day, or in excess of forty (40) hours a week, a wage at the*
*rate of not less than time and a half the rate of wage agreed*
*upon for regular hours, save when by a decree of the Minimum*
*Wage Board or by a collective labor agreement, other working*
*and/or compensation standard is heretofore or hereafter fixed."*
(29 L.P.R.A. § 274.)    (Italics ours.)

Section 6 defines a working day when in a labor contract
wages are stipulated by the day, it being understood, save
in cases mentioned therein, that eight hours constitute a
day of work.    If the wage is weekly, it only covers the pay-
ment of regular hours for work during each week—§ 7; and
if it is monthly, it only covers pay for regular hours of
work during each month—§ 8.    Subsequently, § 9 which is
the one that we must construe together with the *Provided*
clause of § 5, provides as follows:

"Section 9.—If the contract is on the basis of piece work or
any other unit of work, the employee shall be entitled to receive
double compensation for the pieces or units made during extra
hours."

Section 10 provides for the payment of additional com-
pensation at double rate for extra hours in building, recon-
struction, repair works or works for improvement of prop-
erty done by the job or at a fixed price.    Section 12 sanctions
the nonwaiver of the additional compensation at double rate
of wage for the extra hours and § 18 establishes penalties
for the employers who fail to pay or induce and compel
employees to waive the double compensation for extra hours
or who avail themselves of any fraud or deceit in order not to
pay, evade, or refuse payment of, or deprive any employee
of the right to receive double time for extra hours.

All these provisions render possible the accomplishment
of the clear purposes of Act No. 379 to establish a more
human working day, to discourage employment during extra
hours and to compensate more justly the effort of the em-
ployee when the workday is prolonged.

The legislature deemed that this more just measure of compensation would consist in the payment of a double rate of wages for extra hours worked, whether the salary stipulated was per day, week or month. Sections 6, 7, and 8 provide, respectively, that if the employee works for a daily, weekly or monthly salary, the salary stipulated shall cover only the payment of regular hours of work, which are, as we have seen, those defined in §§ 2 and 3. But since there are certain industries and employers who not always stipulate the salary in that manner but who contract on the basis of piecework, or any other unit of work or by the job, the law lacked any provisions to the effect that any work done under said contracts be paid to the employee at double rate for the piecework or unit done during extra hours, or work performed during said overtime when the contract was on the basis of piecework or for a fixed price. Such is the purpose of §§ 9 and 10 which complement the other provisions of the Act in order to cover every kind of regular labor contract, with respect to the payment of double compensation for extra hours.

As we have noted § 5 provides that "every employer who employs or permits an employee to work during extra hours shall be obliged to pay him for each extra hour a wage rate equal to double the rate agreed upon for regular hours." This is immediately followed by the *Provided* clause which excludes from the payment of double compensation the industries in Puerto Rico covered by the provisions of the Fair Labor Standards Act approved by the Congress of the United States of America in 1938, which industries shall only be obliged to pay for each hour worked in excess of 8 hours daily or 40 hours weekly, a wage rate of at least time and one half the wage agreed upon for regular hours, except when otherwise provided by a decree of the Minimum Wage Board or by a collective agreement.

The Superior Court held that this exception does not apply to industries in Puerto Rico covered by the Federal Fair Labor Standards Act when the work is done by the piece or other unit of work.

█ Unquestionably that was a literal interpretation of § 9, taken isolatedly, without considering the other provisions of Act No. 379, nor the legislative intent in including the *Provided* clause of § 5. This literal interpretation of § 9 leads to an unreasonable difference between the rate of wages that said industries must pay for extra hours when the wages agreed upon is per day, week or month, and those that they must pay for work done in extra hours, when the labor contract is on the basis of piecework or other unit of work.

█ The clear policy of Act No. 379 is that extra hours be paid at double rate, whether the wages agreed upon be per day, week, or month, or whether it be paid by piecework or other unit of work. This is so, independently of the position in which the different provisions regulating this matter appear in the statute. For this reason, aside of other reasons which we shall set forth hereinafter, the construction given by the superior court to the *Provided* clause of § 5 seems to us erroneous insofar as it limits the exception to cases where the wages agreed upon are per day, week or month.

█ Generally the mission of a *Provided* clause is to establish an exception to the general provisions of a statute or to some of them, or to qualify or modify them in some aspect. As a general rule the *Provided* clause is limited or constrained to the clause or portion of the statute immediately preceding. However, this rule can not always be applied because the position of the *Provided* clause in the statute is not controlling nor can it prevail over the obvious legislative intent conceived from the text of the statute and

from all the provisions concerning the issue in question. For this reason it is possible that the *Provided* clause be applied to those provisions following or to the whole statute in general.[2]

In order to give real effectiveness to the legislative intent, it is our duty to read § 5 together with the other provisions of the statute, the preceding ones as well as those following said section.

■■ In *Olazagasti* v. *Eastern Sugar Associates*, 79 P.R.R. 88, we said that the legislative history of Act No. 379 shows that the *Provided* clause of § 5 was inserted in said Act to adjust the local statute to the Federal law. In that way the industries in Puerto Rico engaged in interstate commerce were placed in the same competitive footing as those industries of the United States also covered by the Federal Fair Labor Standards Act and which are only required to pay time and one half for extra hours worked. No argument has convinced us that our legislature intended to adjust the local law to the Federal law, only in part, insofar as the payment of wages for overtime is concerned, and to exclude, in its attempt to adjust one statute to another, the work done by piece or unit of work. On the contrary, we hold that the provided clause of § 5 of Act No. 379 is applicable to the industries in Puerto Rico covered by the Federal Fair Labor Standards Act in the case of a labor contract in which the wage is stipulated per day, week, or month, as when it is agreed that the work be done by the piece or other unit of work.

Consequently, the order will be reversed.

---

[2] See CRAWFORD, Statutory Construction 604, § 297 *et seq.*; 34 A., Words & Phrases 592 *et seq.*